JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
  9th Floor Federal Building
  450 Golden Gate Avenue, Box 36055
  San Francisco, California  94102
  Telephone:   (415) 436-6935
  Fax:              (415) 436-6748

Attorneys for the United States

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD E. GEORGE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA<br><br>    Defendant. | Case No.  C-07-4673 MJJ<br><br>**UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>DATE:  FEBRUARY 19, 2008<br>TIME:  9:30 A.M.<br>PLACE:  COURTROOM 11, 19TH FL. |

### NOTICE OF MOTION AND MOTION TO DISMISS

**PLEASE TAKE NOTICE** that on Tuesday, February 19, 2008, at 9:30 a.m., in the Courtroom of the Honorable Martin Jenkins, Courtroom # 11, 19th Floor, 450 Golden Gate Avenue, San Francisco, California, the United States, will and hereby does move to dismiss this case pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state any claims upon which relief can be granted. These motions are based on this notice, the ensuing memorandum of points and authorities, the pleadings on file in this action, and such other arguments or evidence as may be presented to the Court at the hearing.

### MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

    The plaintiff, Richard E. George ("George"), has filed a filed a complaint for damages against the United States ("Government"), alleging that the United States engaged in unauthorized collection

actions against him in relation to his 1997, 1998, and 1999 tax liability. George is requesting direct economic damages in excess of $3,000,000 of damages under 26. U.S.C. §7433 for the alleged unauthorized collection actions. Specifically, George alleges that the IRS collection actions by means of the federal tax leins were violative of the Internal Revenue Code in (1) that IRS did not provide hearings for the plaintiff under 26 U.S.C. §§6320 and 6330; (2) that the IRS violated §1203 of the IRS Reform and Restructuring Act of 1998, codified in 26 U.S.C. §7804; (3) that the levy placed on George's Bank of America account violated 26 U.S.C. §6331; (4) and that the IRS has failed to release leins in violation of 26 U.S.C. §6325. George also further alleges that the United States violated 26 U.S.C. §6103 in disclosing returns and return information to the California Franchise Tax Board ("FTB").

George's Section 7433 claim and claim for violation of Section 6103 should be dismissed for failing to state a claim on which relief can be granted. The complaint should therefore be dismissed with prejudice and judgment should be entered for the United States.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

George first disputed his tax liabilities for the tax year 1997 in a June 2000 trial in the United States Tax Court. The Ninth Circuit Court of Appeals affirmed the United States Tax Court's determination that George failed to report $128,444 of his W-2 wage income and that George pursued frivolous claims for purpose of delay. **George v. Commissioner of Internal Revenue**, 2002 U.S. App. LEXIS 129 (N.D. Cal. Jan. 2, 2002). In addition to the deficiencies found in George's 1997 tax return, the IRS sent George a Revenue Agents Report ("RAR") and a 30-day letter indicating proposed changes to his 1998 and 1999 tax returns in May 2001.

As a result of George's failure to remit payment, the collection of the assessed liabilities for 1997-1999 was assigned to Revenue Officer Jane Allen. On February 12, 2004, Allen sent George a summons claiming taxes due for the entire 1997-1999 period, scheduled an appointment with the plaintiff for March 24, 2004, and requested that he provide certain documents. Decl. of Jane Allen ("Allen Decl.") ¶3. She indicated that the IRS would file liens and/or issue levies to bank accounts in which George had an interest if he failed to appear. Allen Decl. ¶3. She further indicated that she may contact third parties to obtain or verify information. Ex. H. George responded by letter on March 10,

2004 declaring that, as a citizen of the United States, he was "immune to nonapportioned direct taxes." Allen Decl. ¶4. Allen responded on March 11, 2004 that Federal Courts had consistently ruled against such arguments and the Service would not respond to further correspondence concerning those issues. Allen Decl. ¶5. After failing to appear at the scheduled appointment with Allen, a "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" including a form for requesting a due process hearing was sent by certified mail to the plaintiff at 431 Central Avenue in Menlo Park, California on March 25, 2004. Allen Decl. ¶7. The certified return receipt was returned on March 29, 2004, signed by Richard George. Allen Decl. ¶8. On March 31, 2004, a "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320" was sent to George by certified mail and returned unclaimed on July 23, 2004. Allen Decl. ¶9, 14. The notice was recorded in the San Mateo Record's Office.

Subsequently, the IRS sent levy notices to Bank of America and Versant Corporation, describing the taxpayer Chameleon Software, as the alter ego, nominee, or transferee of Richard E. George. Allen Decl. ¶16. The IRS also sent a letter to George's address in Menlo Park and Chameleon Software, notifying the company that it was identified as the nominee or alter ego of Richard George and a Notice of Federal Tax Lien had been filed. Allen Decl. ¶20. Chameleon Software was also furnished a copy of Publication 1660 (collection appeal rights) and Publication 783 (instructions on how to apply for a certificate of discharge from federal tax lien). Allen Decl. ¶21.

## ARGUMENT

### I. GEORGE'S CLAIMS OF VIOLATIONS OF §§7433, 6320, 6330, 7804, AND 6331 ARE BARRED UNDER THE DOCTRINE OF RES JUDICATA.

George previously brought suit for violations of §§7433, 6320, 6330, 7804, 6331 in collection of the same 1997, 1998, and 1999 tax liabilities. The alleged violations of §§6320, 6330, 7804, and 6331 were dismissed for failure to state by this Court in the previous suit. Order Granting California Defendant's Motion to Dismiss with Prejudice, Denying Federal Defendant's Motion to Dismiss with Prejudice, Denying Federal Defendant's Motion With Respect to Plaintiff's Eight Cause of Action, Granting Federal Defendant's Motion to Dismiss All Remaining Counts, and Denying Plaintiff's Motion for Preliminary Injunction, **George v. Internal Revenue Service, et al.**, No. Civ. 05-0955

(N.D. Cal. 2005). Dismissal for failure to state a claim is a final judgment on the merits for res judicata purposes. **Federated Dep't Stores v. Moitie**, 452 U.S. 394, 399 (1981).

The underlying claim brought under §7433 was dismissed by this Court on summary judgment. See Order Granting in Part and Denying in Part Defendant's Motion to Dismiss and Granting Defendant's Motion for Summary Judgment, **George v. Internal Revenue Service, et al.**, No Civ. 05-0955 (N.D. Cal. 2005). This Court rendered final judgments on George's allegations of violations of §§ 7433, 6320, 6330, 7804, and 6331 and therefore should be barred from being re-litigated under the doctrine of *res judicata*. See **Montana v. United States**, 440 U.S. 147, 153 (1979).

## II. GEORGE HAS FAILED TO SATISFY THE PREREQUISITE LIMITATIONS TO BRING AN ACTION UNDER 26 U.S.C. 7433

Tax collection violations are actionable under 26 U.S.C. § 7433. However, the right to bring a civil action is subject to certain limitations. The taxpayer must first exhaust the administrative remedies available, and must bring the claim within 2 years after the right of action accrues. 26 U.S.C. §7433 (d)(1), (d)(a). George has failed to satisfy either requisite.

George has not exhausted the administrative remedies available. 26 U.S.C. §7433(d)(1). A taxpayer may not bring suit against the United States under Section 7433 without exhausting his administrative remedies. See **Conforte v. United States**, 979 F. Ed 1275, 1276 (9th Cir, 1992). In the prior action, the District Court in its Order has already ruled that George had failed to exhaust the administrative remedies available. **George v. Internal Revenue Service**, et al., No. Civ. 05-0955 (NM. Cal. Oct. 5, 2006). Further, though George claims that "he has made several attempts to pursue administrative remedies by writing letters and asking for hearings" and that his "attempts to resolve these issues through the administrative process have fallen on deaf ears..." there is no record that George has properly made any additional attempts at administrative remedy. See Pl's Comp., ¶ 46. A taxpayer's general allegation that he has exhausted all administrative remedies is insufficient to meet the showing that he exhaust all administrative remedies prior to bringing suit under Section 7433. **Morrow v. United States**, 471 F. Supp.2d 19, 20 (D.D.C., 2007)

George also has failed to bring this claim within 2 years after the right of action accrued. The right of action accrues when the taxpayer has had a reasonable opportunity to discover all essential

elements of a possible cause of action. Treas. Reg. 5 301.7433-1. The last levy were issued on May 17, 2005 and the last payment received on June 27, 2005. <u>See</u> Ex. P; see also Ex. Q. George did not file his complaint until September 7, 2007, well beyond the two year statute of limitations.

### III. THE IRS HAS NOT ENGAGED IN ANY UNAUTHORIZED COLLECTION ACTIONS UNDER 26 U.S.C. §7433

For reasons discussed above, George cannot bring a claim for civil damages under 26 U.S.C. 7433. However, even if George was allowed to bring the claim, the allegations that constitute the claim are without merit. George fails to make any showing that "any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregard[ed] any provision of the [Internal Revenue Code" in connection to the collection of federal tax. <u>See</u> 26. U.S.C. §7433.

#### A. Notices of Lein and Levy Complied with Sections 6320 and 6330.

The IR S sent George a notice of the filing of a lien and levy and right to a hearing by certified mail as required under 26 U.S.C. 6320(a) (2) and 6330(a)(2). Ex. K; Ex. L. Though George received the notice of intent to levy, he did not request a hearing. <u>See</u> Allen Decl. ¶8. Despite George's allegation in the complaint that he requested a hearing in connection with the levy notices, there is no evidence that he actually requested a hearing, or that such a request was timely.

#### B. George Does Not Have a Private Right of Action under Section 7804.

Revenue Officer Allen originally signed and issued levies to Bank of America and Versant Corporation on July 26, 2004. Allen Decl. ¶16. Her acting manager noticed two or three days later that the levies needed to be signed by the territory manager, Leah Bass. While revenue officers are authorized to issue some types of levies, Delegation Order 191 contained in Internal Revenue Manual Section 1.2.44.6(20) requires that the authority to issue notices of levy in alter-ego, nominee, and transferee situations is delegated to SB/SE Compliance Area Directors, SB/SE Compliance Territory Managers or Insolvency and Technical Support Managers (Second Level and above) The corrected levies with the signature of Territory Manager Leah Bass soon after the issuance of the original levies. Allen Decl. ¶17.

George alleges that Revenue Office Allen's failure to obtain the required approval signatures in the first instance is a violation mf Section 1203 of the IRS Reform and Restructuring Act of 1998

(codified in 26 U.S.C. 7604). However, in George's prior action, the District Court has already ruled that George has no private cause of action exists under 26 U.S.C. § 7804 and therefore this claim is barred under the principles of *res judicata*.. See, Order Granting California Defendants' Motion to Dismiss with Prejudice, Denying Federal Defendants' Motion With Respect to Plaintiff's Eighth Cause of Action, Granting Federal Defendants' Motion to Dismiss All Remaining Counts, arid Denying Plaintiff's Motion f or Preliminary Injunction, **George v. Internal Revenue Service**, et al., No. Civ. 05-0955 (N.D. Cal Aug. 10, 2005).

Further, the failure of Revenue Officer Allen to obtain the correct the signature of the issuing official is merely a failure to follow a procedural rule contained in the Internal Revenue Manual; there is no requirement in the Internal Revenue Code or Regulations that such levies cannot be issued by revenue officers, or that they must be issued by a certain management level. As such, a violation of a procedural rule does not have the force of law. See **Rosenberg v. Commissioner**, 450 F.2d 529 (C.A. 10, 1971), see also **Luhring v. Goltzbach**, 304 F.2d 560, 563 (C.A. 4, 1962).

    **C.**    **The IRS did not violate Section 6331**

George also alleges that when the Bank of America levy was served on July 26, 2004 it attached to approximately $18,000.00, and when it was served with the corrected signature it attached to an additional $36,000.00. While Plaintiff alleges that Revenue Officer Allen's actions violated 26 U.S.C. §6331(b) which states that "a levy shall extend only to property possessed and obligations existing at the time thereof," the levy correctly attached to the entire approximately $54,000.00 because this is the amount that existed at the time the corrected levy was served. Allen Decl. ¶18. Therefore, even if the first levy were somehow deemed to be invalid:, the corrected levy would still have attached to the $54,000.00.

    **D.**    **Government Will Not Release the Lein Until Tax Liability Fully Satisfied.**

Pursuant to 26 U.S.C §6325(a) a certificate of release for a lien must be issued within 30 days after the "liability for the amount assessed, together with all interest . . . has been fully satisfied or has become legally unenforceable." George alleges that the government has violated §6325 by failing to release the federal tax lien.

However, as of October 18, 2007 George still owes $9,457.67 in interest for his 1999 tax deficiency. Ex Q. The Notice of Federal Tax Lien lists tax liabilities for 1997, 1998, and 1999. Ex L. A certificate of release need not be issued until each year is fully satisfied or has become legally unenforceable. Treas. Reg §401.6325-1(e).

### IV. THE IRS IS NOT IN VIOLATION OF 26 U.S.C. IN DISCLOSING RETURNS OR RETURN INFORMATION TO THE FTB.

In addition for his claim for civil damages under 26 U.S.C. §7433, George also claims that violated 26 U.S.C. 6103 by disclosing George's returns and return information to the FTB. Section 6103(a) states that as a general rule "[r]eturns and return information shall be confidential, and except as authorized by this title- (1) no officer or employee of the United States...shall disclose any return or return information..." See 26 U.S.C. §6103(a).

Subsection (d) of Section 6103 authorizes one such exception for disclosure to state tax agencies. The FTB is the state taxing agency for the State of California, and therefore the disclosure George's returns and return information to the FTB is authorized under 26 U.S.C. §6103

### CONCLUSION

The plaintiff's complaint fails to state any claims upon which relief can be granted. For this reasons, the United States respectfully requests that this action be dismissed with prejudice.

Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____
THOMAS MOORE
Assistant United States Attorney
Tax Division

US' Notice of Mot. & Mot. To Dism. & Mem Of
Pts & Auth. In supp (No. C-07-04673-MJJ)                7

# CERTIFICATE OF SERVICE

I, KATHY TERRY, declare and state as follows:

That I am a resident or employed in San Francisco County, California; my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; I am over the age of eighteen years.

That I am employed by the United States Attorney for the Northern District of California, who is a member of the Bar of the United States District Court for the Northern District of California, at whose direction the service described in this Certificate was made; that on this date, I deposited in the United States mail in the aforementioned action, in an envelope bearing the requisite postage, copies of the following documents:

**UNITED STATES' NOTICE OF MOTION AND MOTION
TO DISMISS;**

and

**DECLARATION OF THOMAS MOORE IN SUPPORT OF
UNITED STATES' MOTION TO DISMISS.**

addressed to:

**Richard E. George
431 Central Avenue
Menlo Park, California 94025**

at his last known address, at which place there is service by United States mail.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed this **15th** day of **January**, in **San Francisco**, California.

　　　　　　　　　　　　　　　　　　　　　　　　　*/s/ Kathy Tat*
　　　　　　　　　　　　　　　　　　　　　　　　　KATHY TAT
　　　　　　　　　　　　　　　　　　　　　　　　　Legal Assistant

US' Notice of Mot. & Mot. To Dism. & Mem Of
Pts & Auth. In supp (No. C-07-04673-MJJ)　　　8