JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney
THOMAS MOORE (ASBN 4305-O78T)
Assistant United States Attorney
Chief, Tax Division
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:  (415) 436-7017
 Fax:       (415) 436-6748

Attorneys for United States of America

IN THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD GEORGE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendants. | NO. C-07-4673-MJJ<br><br>MEMORANDUM IN OPPOSITION TO RICHARD GEORGE'S MOTION FOR DEFAULT FINAL JUDGMENT<br><br>DATE:  MARCH 4, 2008<br>TIME:  9:30 a.m.<br>PLACE: Courtroom 11, 19th Floor |

The United States of America, by its undersigned counsel, submits this memorandum in opposition to plaintiff's motion for default judgment.

QUESTION PRESENTED

Whether default judgment should be entered against the United States of America pursuant to Rule 55 of the Federal Rules of Civil Procedure.

STATEMENT OF THE CASE

The plaintiff's Complaint in this matter was filed on September 7, 2007 in the Superior Court of the State of California in and for the County of San Mateo. A copy of the Complaint was received by the Office of the United States Attorney for the Northern District of California on September 10, 2007. The United States filed a Petition for Removal of Civil Action from San Mateo Superior Court to the United States District Court for the Northern District of California on September 11, 2007. The United States did not timely file an Answer with the Court, but did subsequently filed a Motion to Dismiss with the Court on January 15, 2008.

Plaintiff filed a Motion for Default Judgment with the Court on January 15, 2008, after the United States had already filed its Motion to Dismiss. No default judgment has been entered against the United States under Rule 55(e).

## ARGUMENT

### I

### DEFAULT JUDGMENT SHOULD NOT BE ENTERED AGAINST THE UNITED STATES.

Rule 55(e) of the Federal Rules of Civil Procedure provides in pertinent part that "[n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes his claim or right to relief by evidence satisfactory to the court." Thus, the standard for default against the United States is stricter than against non-government defendants. See Federal Rules of Civil Procedure 55(a). This rule precludes the entry of default against the United States simply because the response is not filed on the date required. **Giampaoli v. Califano**, 628 F.2d 1190, 1193-1194 (9th Cir. 1980). Mere failure to respond to the complaint within the proscribed period does not justify entry of default judgment. See **Ross v. United States**, 574 F.Supp. 536, 538 (S.D.N.Y. 1983); **United States v. Zulli,**, 418 F.Supp. 252 (E.D. Pa. 1976); **Greenbaum v. United States**, 360 F.Supp. 784 (E.D. Pa. 1973). Moreover, default is especially inappropriate when the government responds to the complaint by answer or motion soon thereafter. **Ross v. United States**, 574 F.Supp. at 538 (citing 6 J. Moore, Moore's Federal Practice § 55.12 at 55-321 to 55-322 (1982)).

In the instant action, the plaintiff bases his Motion for Default Judgment on the grounds that the United States has failed to answer or otherwise defend within the time required under the Federal Rules of Civil Procedure. Contrary to plaintiff's position, however, the United States filed its Motion to Dismiss with the Court in response to plaintiff's Complaint prior to the plaintiff's filing of his Motion for Default Judgment. Thus, the plaintiff has not presented any evidence which establishes his claim or right to relief as required by Federal Rules of Civil Procedure 55(e).

Mere failure to timely file an answer on the part of the United States is no ground for entry of judgment against it. The plaintiff must establish his claim, satisfy the Court as to the waiver of sovereign immunity and make proper service on the United States before judgment may be entered against the United States because of its failure to appear. **Fedor v. Ribicoff**, 211 F.Supp. 520 (E.D. Pa.

1962). In **Rank v. Krug,** 142 F.Supp. 1 (S.D. Cal. 1956) it was held that the introduction and supplementation of evidence at the reopened trial was compliance with Rule 55(e) requiring that default judgment against United States be sustained by evidence.

In the instant action, the plaintiff has not presented evidence which establishes, his claim, right to relief, or waiver of sovereign immunity as required by Federal Rules of Civil Procedure 55(e). Accordingly the motion for default judgment should not be granted.

## CONCLUSION

For the reasons set forth above, the United States respectfully moves that this Court enter an Order denying plaintiff's motion for default judgment.

                        Respectfully submitted,

                        JOSEPH RUSSONIELLO
                        United States Attorney

                        /s/ Thomas Moore
                        THOMAS MOORE
                        Assistant United States Attorney
                        Tax Division

# CERTIFICATE OF SERVICE

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers.  The undersigned further certifies that I caused a copy of the following:

**MEMORANDUM IN OPPOSITION TO RICHARD GEORGE'S MOTION FOR DEFAULT FINAL JUDGMENT**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____   **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

Richard George
431 Central Ave.
Menlo Park, CA 94025

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **February 12, 2008** at San Francisco, California.

                                                  /s/ Kathy Tat
                                                **KATHY TAT**
                                                **Legal Assistant**