RICHARD GEORGE
431 Central Avenue
Menlo Park, California 94025
Telephone: (650) 327-6319
mail@rickgeorge.com



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GEORGE,<br><br>          Plaintiff,<br>v.<br><br>UNITED STATES<br><br>          Defendant. | Case No.: C 07 4673 MJJ<br><br>**RICHARD GEORGE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**<br><br>Date: March 4, 2008<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor |

**OPPOSITION TO DEFENDANT'S MOTION TO DISMISS
AND MEMORANDUM OF LAW**

**INTRODUCTION**

On September 7, 2007, plaintiff, Richard George, filed a complaint against defendant, United States ("Government"), for damages due to the Government's unauthorized tax collection actions. Plaintiff alleges defendant's agents recklessly and intentionally, and by reason of negligence, violated provisions of the Internal Revenue Code ("IRC") and regulations promulgated there under and that plaintiff has exhausted his available administrative remedies within the Internal Revenue Service. The Government failed to answer plaintiff's complaint or otherwise defend within the 60-day time period required by Fed. R. Civ. Proc., Rule 12(a)(2),

C-07-4673 MJJ                         - 1 -                        Op. to Def. Mot. to Dismiss

Rule 15(a), and Rule 81(c). Because of the Government's failure to follow the federal rules of procedure, plaintiff filed a Motion for Default Final Judgment on January 14, 2008. On January 15, 2008 the Government filed a Motion to Dismiss. Both motions are set for hearing on March 4, 2008.

## PROCEDURAL HISTORY

Plaintiff filed a prior complaint for equitable relief on February 14, 2005 and that action was removed to this court (No. C05-00955 MJJ). On Sept. 7, 2005, plaintiff filed a Claim for Damages with the Area Director of the IRS. See plaintiff's accompanying Declaration ("George Decl.") Exhibit A. Plaintiff's Claim for Damages was filed in accordance with Treasury Reg. § 301.7433 and claimed past and ongoing damages for the maximum allowable under law ($1,000,000) for each of the years 1997-1999. On Sept. 8, 2005 plaintiff filed a 3d Am. Complaint in this Court that included damages under 26 U.S.C. § 7433. In response to plaintiff's 3d Am. Complaint this Court stated "that Plaintiff timely requested a due process hearing pursuant to §6320," but failed to file "the necessary claim in accordance with § 301.7433-1(e)" prior to bringing the action. Plaintiff did not receive a response from the Government to his Sept. 7, 2005 Claim for Damages and therefore filed the present action in the California Superior Court, San Mateo County, on September 7, 2007. The Government petitioned for removal of this action from state court claiming this court's jurisdiction under U.S.C. Title 28, §§ 1441, et. seq.

## STATEMENT OF FACTS

According to the Declaration of Jane Allen ("Allen Decl.") included with the Declaration of Thomas Moore ("Moore Decl."), the Government levied Chameleon Software's bank account "on or about July 26, 2004" as the "alter ego/nominee" of plaintiff. Allen Decl. ¶ 16. According to the same declaration "on or about August 13, 2005, the Service recorded a Notice of Federal Tax Lien" naming "Chameleon Software as the alter ego/nominee" of plaintiff. By Allen's own admission, the IRS levied Chameleon's bank account prior to issuing the lien. On July 29, 2004, Bank of America froze Chameleon's bank account and on July 30th, August 4th, and August 5th

Bank of America bounced checks written against Chameleon's account. See George Decl. Exh. B. According to Chameleon's Bank of America checking account statement, the IRS issued a replacement levy on August 9, 2005, 11 days after the initial levy. George Decl. Exh. B.

Furthermore, plaintiff has kept the Government and their counsel well informed of the damages he has sustained. In addition to filing a Claim for Damages on Sept. 7, 2005, plaintiff e-mailed the chief counsel for the defense, Thomas Moore, on April 28, 2006, with a Preliminary Accounting of Damages. See George Decl. Exh. C.

## LEGAL ARGUMENT

The United States Congress promulgates legal provisions in the form of statutes and rules of court. These legal provisions, when made in accordance with the Law of the Land, are obligatory, i.e. not subject to whim. In this matter the relevant legal provisions are the federal rules of procedure concerning the time period for answering a complaint and the taxation statutes relating to due process, liens, levies, confidentiality, and unauthorized collection actions.

Rule 12(a)(2) of the Federal Rules of Civil Procedure provides that the United States must serve an answer to a complaint within 60 days after service on the United States attorney. As noted above, the Complaint in this case was filed on September 7, 2007 and served on the United States attorney. The Summons, issued by the California Superior Court on September 7 and served upon the defendant together with the Complaint, notified the defendant of its obligation to file an answer, and to serve a copy of the Answer upon Richard George, within sixty days from the date of service. Sixty days from the September 7 service date was November 6, 2007. As of November 6, defendant had not filed an answer with the Clerk, had not served an answer upon Richard George, and had not otherwise responded. The defendant's Motion to Dismiss must therefore be rejected out of hand because of their failure to comply with the Fed. R. Civ. Proc.12(a)(2), which become a habitual pattern in this dispute.

The Government moves for dismissal under Fed. R. Civ. Proc.12(b)(1) "for lack of subject matter jurisdiction." This argument is completely untenable given that the Government removed this action from state court claiming this court's jurisdiction, as stated above, under

U.S.C. Title 28, §§ 1441, et. seq. The Government cannot now turn around and claim this Court lacks jurisdiction, they cannot have it both ways. This Court either has jurisdiction or it does not. If the Court does not have jurisdiction as claimed in the defendant's motion to dismiss then the court should remand the case back to state court. If the Court does have jurisdiction, as unanimously decided in *Lapides v. Bd. of Regents*, 535 U.S. 613, 152 L.Ed.2d 806 (2002) (Voluntary removal invokes the federal court's jurisdiction), then the Government's motion for dismissal should be denied.

The IRS violated plaintiff's due process rights by levying Chameleon Software's bank account prior to issuing a lien. A lien is meant to give the recipient the right to request a due process hearing as required by 26 U.S.C. § 6320. As stated above, the IRS issued a levy against plaintiff's company, Chameleon Software, prior to issuing a lien and giving plaintiff the opportunity to be heard. Although plaintiff did request a due process hearing within the 30-day time period required by 26 U.S.C. § 6320 (George Decl. Exh. A), it was well after the IRS seized Chameleon Software's assets. Furthermore, § 6320 requires that "the Secretary shall notify in writing ... not more than 5 business days after the day of the filing of the notice of lien." Nowhere in this or any related matter has the Government provided any evidence that they have complied with the 5-day lien notification provision with regard to any liens related to plaintiff.

The IRS violated Section 6331 by extending their levy beyond the property existing at the time the levy was initially received by the Bank of America. As stated above and as show by George Decl. Exh. B, the bank received a levy on July 29, 2004. The Government claims Allen mistakenly issued the levy and that "her acting manager noticed two or three days later that the levies needed to be signed by the territory manager." Mot. to Dism. III. B. The Government claims that "the failure of Revenue Officer Allen to obtain the correct signature of the issuing official is merely a failure to follow a procedural rule" that "there is no requirement... that such levies cannot be issued by revenue officers." Ibid. The problem is that Chameleon Software had approximately $18,000 in its account on July 29th and three checks bounced between the time of the initial levy and the replacement levy. Then on August 9th the replacement levy was issued that attached an additional $36,000 that was deposited to its workers because the first levy

caused Chameleon Software to bounce checks. Chameleon had to replace the funds initially levied in order to meet its obligations. The Government's actions in this case clearly violate the intent of § 6331 and if allowed to stand would indicate nothing less that a free pass to issue perpetual levies – clearly not what was intended by Congress. If, as the Government argues, there was nothing wrong with Allen issuing the initial levy, then why would the IRS need to issue a replacement levy? And if the initial levy was good then the additional funds that did not exist in Chameleon's account at the time of the initial levy should not have be seized later. The Government's story about what happened clearly does not add up.

This action arises under 26 U.S.C. § 7433, which states that an action may be brought "within 2 years after the date the right of action accrues." Plaintiff filed a Claim for Damages with the IRS Area Director on Sept. 7, 2005 in accordance with Treasury Reg. § 301.7433 (George Decl. Exh. A). 26 C.F.R. § 301.7433 provides that no civil action may be maintained in federal district court prior to filing an administrative claim and that once a claim is filed the claimant must wait until an administrative decision is rendered or six months, whichever occurs earlier. Since the Government did not respond to plaintiff's claim for damages within six months, plaintiff's right of action did not accrue until six months after Sept. 7, 2005. An accrued right is a "matured cause of action, as legal authority to demand redress" (Black's Law Dictionary, 6th Ed.). Nevertheless, as plaintiff's Claim for Damages states, he has suffered ongoing injuries, and he continues to suffer injuries to this day, due to the Government's reckless, intentional, and negligent acts.

The Internal Revenue and Restructuring and Reform Act of 1998, Pub. L. No. 105-206, 112 Stat. 685, 727, enacted on July 22, 1998, shifted the burden of proof to the government in court proceedings arising in connection with examinations commencing after the date of enactment. See also 26 U.S.C. § 7491, which provides the following with respect to interest and penalties:

```
Notwithstanding any other provision of this title, the Secretary
shall have the burden of production in any court proceeding with
respect to the liability of any individual for any penalty,
addition to tax, or additional amount imposed by this title.
```

Tax laws are clearly in derogation of personal rights and property interests and are, therefore, subject to strict construction, and any ambiguity must be resolved against imposition of the tax. In Billings v. U.S. 232 U.S. 261, 34 S.Ct. 421 (1914), the Supreme Court clearly acknowledged this long-standing rule of statutory construction:

```
    Tax statutes ... should be strictly construed, and, if any
ambiguity be found to exist, it must be resolved in favor of the
citizen. Eidman v. Martinez, 184 U.S. 578, 583; United States v.
Wigglesworth, 2 Story, 369, 374; Mutual Benefit Life Ins. Co. v.
Herold, 198 F. 199, 201, aff'd 201 F. 918; Parkview Bldg. Assn. v.
Herold, 203 F. 876, 880; Mutual Trust Co. v. Miller, 177 N.Y. 51, 57
```

"If the words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer. *Gould v. Gould*, 245 U.S. 151, 153

## CONCLUSION

For the reasons stated herein, the Court should deny the Government's Motion to Dismiss.

Dated this 12th day of February, 2008

By /s/ [signature]

Richard George
431 Central Avenue
Menlo Park, California 94025
Telephone: (650) 327-6319

CERTIFICATE OF SERVICE

Case Name:
    Richard George v. United States

Case No.: C 07 4673 MJJ

This is to certify that a copy of:

**RICHARD GEORGE'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MEMORANDUM OF LAW IN OPPOSITION TO MOTION TO DISMISS**

**AND**

**DECLARATION OF RICHARD GEORGE IN OPPOSITION TO DEFENDANT'S MOTION TO DIMISS**

was served, by first-class mail, on the person listed below.

Thomas Moore
Assistant United States Attorney
10th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102

I declare under penalty of perjury that the foregoing is true and correct.

_____
Richard George

Executed on February 12, 2008