JOSEPH P. RUSSONIELLO  (CSBN 44332)
United States Attorney
THOMAS MOORE  (ASBN 4305-O78T)
Assistant United States Attorney
 9th Floor Federal Building
 450 Golden Gate Avenue, Box 36055
 San Francisco, California 94102
 Telephone:    (415) 436-6935
 Fax:             (415) 436-6748

Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| RICHARD E. GEORGE, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Defendant. ) <br> ) | No. C-07-4673-MHP <br><br> **REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS** |

The United States of America, through its undersigned counsel, submits this reply memorandum in response to plaintiffs' opposition to the United States' motion to dismiss.

### INTRODUCTION

Plaintiff, Richard E. George ("George"), opposes the motion to dismiss brought by Defendant, United States of America ("United States").  However, this Court should grant the motion for summary judgment in favor of the United States for the reasons originally stated and for the additional reasons found below.

### ARGUMENT

### I

### GEORGE'S CLAIMS ARE BARRED UNDER THE DOCTRINE OF RES JUDICATA

As discussed in United States' motion to dismiss, George's claims are barred under the doctrine of *res judicata*.  In George's Opposition to the United States' motion to dismiss, he does not offer any reason why the claims should not be barred by *res judicata*.  Based on the

arguments offered by the United States' in the motion to dismiss, George's claims should be barred by *res judicata*.

## II

## GEORGE STILL HAS FAILED TO SATISFY THE PREREQUISITE LIMIATIONS TO BRING AN ACTION UNDER 26 U.S.C. 7433

In response to United States' motion to dismiss, George claims that his action under 26 U.S.C. § 7433 was brought within the period of limitations. In support of his claim George produces a letter of administrative claim, whose authenticity we do not acknowledge, that he alleges he sent on September 7, 2005. See Decl. Of Richard George, Exh. A. George claims that the letter extends his period of limitations for bringing a 26 U.S.C. §7433. In support of this claim, George cites Treasury Regulation §307.7433, which limits the time for filing a civil action under Section 7433 within two years after the cause of action accrues. **26 C.F.R. §301.7433-1(g)**. However, Treasury Regulation §307.7433 extends the two-year period of limitations when the filing of an administrative claim is made "during the last six months of the period of limitations." **26 C.F.R. §301.7433-1(d)(2)**.

At the latest, the period of limitations began to accrue on June 27, 2005, when the last payment from the disputed levies was received. **Caparaso v. C.I.R.**, 907 F.Supp. 1235, 1240 (N.D. Ind., 1995); United State's Mot. to Dismiss, p. 4-5. Therefore, the last six months of the two-year period of limitations was from December 27, 2006 to June 27, 2007. George alleges he filed his administrative claim on September 7, 2005, which is well before the last six months of the two year period of limitations. See Pl's Opp., p. 3.

Further, George's letter does not meet the standard of an administrative claim set forth in Treasury Regulation §307.7433. Subsection (e) sets forth the procedures of an administrative claim, including that the claim include a "dollar amount of the claim[.]" **26 C.F.C. §301.7433-1(e)(2)(iii)**. George's letter fails to state a dollar amount of his claim, only that he has suffered "irreparable losses, which exceed those authorized by 26 U.S.C. § 7433." Decl. Of Richard George, Ex. A. Therefore, not only does the letter fail to extend the period of limitations if

considered an administrative claim, it fails to meet the requirements of an administrative claim itself.

### III

### GEORGE FAILS TO ALLEGE ANY FACTS TO SUPPORT HIS CLAIM OF VIOLATION OF 26 U.S.C. 6331

In his Opposition, George claims that the IRS violated 26 U.S.C. 6331 by "extending their levy beyond the property existing at the time of the levy was initially received by the Bank of America." Pl's Opp., p. 4. George then goes on to assert that the first levy seized approximately $18,000 that was in the account at the time the levy was received and that the second levy seized approximately $36,000 that was in the account at the time that levy was received by Bank of America. See Pl's Opp. p . 4-5. George's own assertions support the United State's claim that the levies were not in violation of 26 U.S.C. 6331, as they were extended only to "property possessed and obligations existing at the time thereof." **26 U.S.C. § 6331(b)**.

George also states that allowing successive seizures as that which resulted in the levies at issue would go against the congressional intent of Section 6331. Pl's Resp., p. 5. However, subsection (c) of Section 6331 expressly authorizes successive seizures "as often as may be necessary." **26 U.S.C. § 6331(c)**. Express statutory authorization is far greater indicia of Congressional intent than George's naked assertions.

### CONCLUSION

Based on the reasons stated in United States' Motion to Dismiss and the additional foregoing reasons, the United States respectfully requests that this action be dismissed with prejudice, or in the alternative, that judgment be granted in favor of the United States and against the plaintiff.

JOSEPH P. RUSSONIELLO  
United States Attorney

/s/ Thomas Moore  
THOMAS MOORE  
Assistant United States Attorney  
Chief, Tax Division

Reply To Pltff's Opp To Mot. To Dismiss  
(NO. C-07-4673-MHP)                3

**CERTIFICATE OF SERVICE**

I, **KATHY TAT** declare:

That I am a citizen of the United States of America and employed in San Francisco County, California; that my business address is Office of United States Attorney, 450 Golden Gate Avenue, Box 36055, San Francisco, California 94102; that I am over the age of eighteen years, and am not a party to the above-entitled action.

I am employed by the United States Attorney for the Northern District of California and discretion to be competent to serve papers. The undersigned further certifies that I caused a copy of the following:

**REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**

to be served this date upon the party(ies) in this action by placing a true copy thereof in a sealed envelope, and served as follows:

_X___   **FIRST CLASS MAIL** by placing such envelope(s) with postage thereon fully prepaid in the designated area for outgoing U.S. mail in accordance with this office's practice.

____   **PERSONAL SERVICE (BY MESSENGER/HAND DELIVERED)**

____   **FACSIMILE (FAX)** No.: _____

to the parties addressed as follows:

Richard George
431 Central Ave.
Menlo Park, CA 94025

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on **February 19, 2008** at San Francisco, California.

            /s/ Kathy Tat
          **KATHY TAT**
          **Legal Assistant**