RICHARD GEORGE
431 Central Avenue
Menlo Park, California 94025
Telephone: (650) 327-6319
mail@rickgeorge.com



IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GEORGE,<br><br>　　　　　Plaintiff,<br>　v.<br>UNITED STATES<br>　　　　　Defendant. | Case No.: C 07 4673 ~~MJJ~~ MHP<br><br>**RICHARD GEORGE'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT FINAL JUDMENT**<br><br>Date: March 4, 2008<br>Time: 9:30 a.m.<br>Courtroom: 11, 19th Floor |

**INTRODUCTION**

On September 7, 2007, plaintiff, Richard George, filed a complaint against defendant, United States ("Government"), for damages due to the Government's unauthorized tax collection actions. Plaintiff alleges defendant's agents recklessly and intentionally, and by reason of negligence, violated provisions of the Internal Revenue Code ("IRC") and regulations promulgated there under and that plaintiff has exhausted his available administrative remedies within the Internal Revenue Service. The Government failed to answer plaintiff's complaint or otherwise defend within the 60-day time period required by Fed. R. Civ. Proc., Rule 12(a)(2), Rule 15(a), and Rule 81(c).

1  Because of the Government's failure to follow the federal rules of procedure, plaintiff
2  filed a Motion for Default Final Judgment on January 14, 2008. On January 15, 2008 the
3  Government filed a Motion to Dismiss. In response to plaintiff's Motion for Default Final
4  Judgment, the Government argues that: 1) that the Government's motion was filed before
5  plaintiff's motion and therefore plaintiff's motion should be denied; and 2) that plaintiff has not
6  provided evidence that he is entitled to damages.

## ARGUMENT

Rule 12(a)(2) of the Federal Rules of Civil Procedure provides that the United States must serve an answer to a complaint within 60 days after service on the United States attorney. The Complaint in this case was filed on September 7, 2007 and served on the United States attorney the same day. The Summons, issued by the California Superior Court on September 7 and served upon the defendant together with the Complaint, notified the defendant of its obligation to file an answer, and to serve a copy of the Answer upon Richard George, within sixty days from the date of service. Sixty days from the September 7 service date was November 6, 2007. As of November 6, defendant had not filed an answer with the Clerk, had not served an answer upon Richard George, and had not otherwise responded.

The issue here is not about whether or not George's motion was filed first, which it was since George mailed his motion on January 14th. The issue at hand is whether the Government responded within the 60-day time period, which it clearly did not. It was not even close. By the time George filed his Motion for Default Final Judgment, it had been over 120 days. And this is not the first time the Government has been late. The Government has made a habit of being late and as result this Court has as the only avenue available to conclude this matter, the entry of a default judgment against defendant. See, e.g., E.F. Hutton & Co., Inc. v. Moffatt, 460 F.2d 284, 285 (5th Cir. 1972). Where a party does not respond to a properly served Complaint and ignores a duly issued and properly served Summons of a Court, a default judgment, though drastic, is the appropriate and, indeed, only recourse. See In re Knight, 833 F.2d 1515, 1516 (11th Cir.

1987)(where party offers no good reason for late filing of answer, entry of default judgment appropriate); First City Nat'l Bank of Fort Worth v. Cook, 117 F.R.D. 390 (N.D. Tex. 1987)(default judgment appropriate where party served has failed to answer).

Rule 55(b)(2) provides that a default judgment may be entered against the United States "if the claimant establishes a claim or right to relief by evidence that satisfies the court." To provide the court with further evidence establishing plaintiff's claim for damages, plaintiff submits herewith Richard George's Second Affidavit for Entry of Default.

This court has previously determined that plaintiff timely requested a due process hearing in response the Government's Notice of Lien issued August 10, 2004. In response to plaintiff's 3d Am. Complaint (Case No. C05-00955 MJJ) this Court stated "that Plaintiff timely requested a due process hearing pursuant to §6320." Furthermore, as set forth in plaintiff's Second Affidavit the IRS violated plaintiff's due process rights by levying Chameleon Software's bank account prior to issuing a lien (pp. 17-22). A lien is meant to give the recipient the right to request a due process hearing as required by 26 U.S.C. § 6320. The IRS issued a levy against plaintiff's company, Chameleon Software, prior to issuing a lien and giving plaintiff the opportunity to be heard. Although plaintiff did request a due process hearing within the 30-day time period required by 26 U.S.C. § 6320 (2d Aff. Ex. E), it was well after the IRS seized Chameleon Software's assets. Jane Allen ("Allen"), the collection officer, in her rush to seize assets intentionally and recklessly failed to respect plaintiff's due process rights.

The IRS violated § 6331 by extending their levy beyond the property existing at the time the levy was initially received by the Bank of America. As shown by George 2d. Aff. Ex. F, the bank received a levy on July 29, 2004. Chameleon had approximately $18,000 in its account on July 29th and three checks were returned for insufficient funds shortly thereafter. According to Allen a replacement levy was personally delivered to the bank on July 30th. See Decl. of Jane Allen p. 17 attached to Decl. of Thomas Moore. Plaintiff deposited $36,000 on or about August 3rd to cover bounced checks and to pay wages and expenses. Allen, however, ordered Bank of America to turn over funds that were deposited after the levy was issued. The Government's actions in this case clearly violate 26 U.S.C. § 6331. Allen knew that the levy only applied to the

funds existing at the time the initial levy was issued, yet she forced the bank to turn over funds that were not subject to the levy. Allen's actions were reckless and intentional, and violate 26 U.S.C. § 6331. On August 12, 2004 Allen sent a fax to Bank of America stating:

> It is my understanding that your department is holding approximately $18,000 against the initial levy that you received and $36,000 against the second or replacement levy. Because Bank of America was in possession of $18,000 and $36,000 at the time the second levy was received, the cumulative amount of the funds would be subject to the replacement levy. Accordingly, it is the Service's expectation, that Bank of America will be remitting approximately $54,000 to the IRS.
> See George's 2d Aff. Ex D. FAX TRANSMITTAL

When Bank of America remitted the initial $18,000, Allen acted befuddled. In her notes dated 08/25/04, she states: "RE: levy payment issued prematurely by BofA. I am not clear why proceeds seem to be split. I faxed a levy to Maricel w/ BofA's levy dept ... to inform her that the replacement levy was the valid levy and the accumulated funds in Chameleon's account were subject to the levy." See 2d Aff. Ex. D. PAGE 70.

Allen made several false statements to the Office of Chief Counsel in order to obtain an alter-ego lien against Chameleon. Allen stated plaintiff was "attempting to hide" his assets, was "the only employ" of Chameleon, and received all of the funds paid to Chameleon by Versant. See George's 2d Aff. p.14 and Ex E. These false statements caused plaintiff severe economic hardship and loss of reputation and clearly indicate that Allen was acting recklessly and intentionally. These were not innocent mistakes; they were clearly calculated to obtain the ends she sought, regardless of the means.

Furthermore, the Government acted negligently when it disclosed to the California Franchise Tax Board ("FTB") that plaintiff's income should be increased by $258,685 for tax year 1998. Plaintiff had already reported wages of $129,280. See George's 2d Aff. Ex. H. And the IRS disclosure to the FTB caused the FTB to double George's wages and deny all of his write-offs, including mortgage interest and property tax payments. The Government's actions caused plaintiff to suffer irreparable harm and become subject to criminal penalties through the California Income Tax Amnesty Program. If the IRS would have acted responsibly by checking to see if plaintiff had already reported his income to the FTB and whether George was entitled to take deductions as determined by his CPA, then these problems could easily been avoided.

Instead, the IRS neglected its duty to make correct determinations and plaintiff has suffered the consequences. Plaintiff's attempts to correct the problem with the FTB failed because of the FTB's policy "to concur with federal adjustments when federal and state laws are similar." So, plaintiff has no recourse with the FTB in this matter. It was the IRS that failed to do its homework prior to making its disclosure to the FTB under 26 U.S.C. § 6103(d) and therefore the IRS is the root cause of plaintiff's injury. Had the IRS not been negligent there would be no injury and therefore the Government must be held accountable in this matter for its wrongful disclosure under 26 U.S.C. § 6103(d).

## CONCLUSION

For the reasons stated herein, the Court should grant Richard George's Motion for Default Final Judgment.

Dated this 18th day of February, 2008

By _____

Richard George
431 Central Avenue
Menlo Park, California 94025
Telephone: (650) 327-6319

CERTIFICATE OF SERVICE

Case Name:
Richard George v. United States

Case No.: C 07 4673 MJJ

This is to certify that a copy of:

**RICHARD GEORGE'S REPLY TO DEFENDANT'S OPPOSITION TO MOTION FOR DEFAULT FINAL JUDMENT**

**AND**

**RICHARD GEORGE'S SECOND AFFIDAVIT FOR ENTRY OF DEFAULT**

was served, by first-class mail, on the person listed below.

Thomas Moore
Assistant United States Attorney
10th Floor Federal Building
450 Golden Gate Avenue, Box 36055
San Francisco, California 94102

I declare under penalty of perjury that the foregoing is true and correct.

_____
Richard George

Executed on February 19, 2008