UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD GEORGE, | No. C 07-04673 MHP |
| Plaintiff, | |
| v. | **MEMORANDUM & ORDER** |
| UNITED STATES OF AMERICA, | **Re: Motion to Dismiss** |
| Defendant. | |

On September 7, 2007 plaintiff filed a complaint in the Superior Court of California in the County of San Mateo alleging that the Internal Revenue Service ("IRS") violated certain provisions of the Internal Revenue Code ("IRC"). On September 11, 2007 defendant removed the action to this court. Now before the court is defendant's motion to dismiss. The court has considered the parties' arguments fully, and for the reasons set forth below, the court rules as follows.

BACKGROUND

This action concerns plaintiff's tax filings for the years 1997–1999. In 1999 the IRS notified plaintiff of deficiencies in his 1997 tax return. See Complaint ¶ 10. In May 2001 the IRS notified plaintiff of deficiencies in his 1998 and 1999 tax returns. Id., ¶ 13. Plaintiff apparently failed to remit payment for any of his tax liabilities. Thus, in or around 2004 IRS Agent Jane Allen sent plaintiff a letter notifying him of potential collection actions that would be taken in the event he failed to satisfy his tax liabilities. See Allen Dec. ¶ 3. Such actions included federal tax liens and/or issuance of levies on his bank accounts and accounts receivable. Id. When plaintiff failed to agree

1  to meet with Agent Allen to resolve his tax debts, the government filed a notice of Federal Tax Lien
2  against plaintiff for $254,556 for tax years 1997–1999.  See Complaint ¶ 17.  In 2004 and 2005 the
3  government levied upon several of plaintiff's properties in order to satisfy his tax liabilities.  Id.,
4  ¶ 38.

5  Plaintiff now claims that the government violated several provisions of the IRC in
6  connection with its collection proceedings against plaintiff.  First, plaintiff alleges that the
7  government violated 26 U.S.C. sections 6212 and 6213 by failing to provide him with a notice of
8  deficiency before assessing his 1998–1999 tax liability.  Complaint ¶ 15.  Second, he argues that the
9  government violated 26 U.S.C. section 6320 by failing to provide notice and opportunity for a
10 hearing upon filing a Notice of Federal Tax Lien on March 25, 2004.  Id., ¶¶ 17, 52.  Third, he
11 argues that the government violated 26 U.S.C. section 6330 by failing to provide notices and
12 opportunities upon filing several notices of levies in 2004 and 2005.  Id., ¶¶ 38–39, 53.  Fourth, he
13 alleges that the government violated 26 U.S.C. section 6331 by extending a levy beyond the property
14 possessed and obligations existing at the time the levy was issued.  Id., ¶¶ 27–33, 54.  Fifth, he
15 alleges that the government violated 26 U.S.C. section 6325 because it has not released liens that
16 plaintiff claims have been fully satisfied.  Id., ¶¶ 42–43, 55.  Sixth, he alleges that the government
17 violated 26 U.S.C. section 6103 by disclosing his tax return information to the California Franchise
18 Tax Board.  Id., ¶¶ 16, 56.  Seventh, he argues that the government violated 26 U.S.C. section 7804
19 by failing to obtain the required approval signatures on a July 26, 2004 Notice of Levy.  Id., ¶¶
20 27–30, 57.

21 Plaintiff attempts to bring all of these claims under 26 U.S.C. section 7433, which provides
22 that "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or
23 employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence
24 disregards any provision of this title, or any regulation promulgated under this title, such taxpayer
25 may bring a civil action for damages against the United States in a district court of the United
26 States."

27 Many of the claims plaintiff asserts in this action were also brought against the IRS or Agent
28 Allen in an action plaintiff filed in 2005.  Specifically, plaintiff asserted essentially identical

2

violations of sections 7804, 6212, 6213, 6320, 6330, and 6331. Each of those claims was dismissed for failure to state a claim upon which relief can be granted. See George v. Internal Revenue Service, et al., No. C 05-00955 MJJ, Docket No. 64 (N.D. Cal. Aug. 10, 2005) (Jenkins, J.).

DISCUSSION

Res judicata, or claim preclusion as it is commonly known, bars relitigation in a subsequent action of any claims that were or could have been raised in an earlier action. Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398 (1981). Res judicata has three requirements. First, there must be an identity of claims, but the claims need not be identical. See Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713–714 (9th Cir. 2001). "The central criterion in determining whether there is an identity of claims between the first and second adjudications is whether the two suits arise out of the same transactional nucleus of facts." Id. at 714 (internal quotations omitted). Second, the previous action must have resulted in a final judgment on the merits. Id. at 713. Third, there must be identity or privity between the parties. Id.

Here, plaintiff brings claims against the United States for violations of, *inter alia*, 26 U.S.C. sections 6312, 6313, 6320, 6330, 6331 and 7804. In 2005 plaintiff brought an action against the IRS claiming the exact same violations with the same factual bases, thereby meeting prong one above. Second, each of these allegations was dismissed on the merits. See George v. Internal Revenue Service, et al., No. C 05-00955 MJJ, Docket No. 64 (10 Cal. Aug. 10, 2005) (Jenkins, J.) (granting motion to dismiss for failure to state claims upon which relief can be granted). Third, the IRS and the United States of America are in privity and therefore res judicata applies. See Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402 (1940) ("A government and its officers are in privity for purposes of res judicata.").

Plaintiff also brings claims against the government for violations of 26 U.S.C. sections 6103 and 6325. Although plaintiff did not assert these claims in the previous action, they are nevertheless barred by res judicata because they arise out of the same transactional nucleus of facts as the other claims. Like the claims that plaintiff previously asserted in 2005, these two claims arise out of the IRS's collection actions in connection with plaintiff's tax deficiencies for the years 1997-1999.

3

Because res judicata bars claims that "could have been asserted, whether they were or not, in a prior suit between the same parties," these claims are barred. <u>Owens</u>, 244 F.3d at 714 (internal quotations omitted).

In sum, plaintiff's claims for violations of 26 U.S.C. sections 6103, 6212, 6213, 6320, 6325, 6330, 6331 and 7804 are barred by res judicata and are DISMISSED.

CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

IT IS SO ORDERED.

Dated: 4/17/2008

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

4